# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Adv. Case No. _____ |
| WLADYSLAW FIJALKOWSKI, | ) |
| | ) Bankruptcy Case No. 26-09390 |
| Debtor. | ) |
| | ) Chapter 13 |
| _____ | ) |
| | ) |
| WLADYSLAW FIJALKOWSKI, | ) Judge Timothy Barnes |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WILMINGTON SAVINGS FUND SOCIETY, | ) |
| FSB, NOT IN ITS INDIVIDUAL CAPACITY | ) |
| BUT SOLELY AS OWNER TRUSTEE OF | ) |
| THE ASPEN G3 TRUST, A DELAWARE | ) |
| STATUTORY TRUST, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT TO DETERMINE THE VALIDITY OF LIEN

**NOW COMES** the Plaintiff and Debtor, WLADYSLAW FIJALKOWSKI (the "Debtor" or "Plaintiff"), by and through his undersigned counsel, Arthur C. Czaja, and for his Complaint against Defendant WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF THE ASPEN G3 TRUST, A DELAWARE STATUTORY TRUST ("Defendant" or "Wilmington"), states as follows:

## NATURE OF THE ACTION

1. This is an adversary proceeding brought pursuant to Rule 7001(b) and (i) of the Federal Rules of Bankruptcy Procedure to obtain a declaratory judgment that Defendant's

mortgage lien has been extinguished by operation of law, and to determine the validity, priority, and extent of the lien claimed by Defendant against the Debtor's principal residence.

2.      Defendant claims a second-position lien against the Debtor's residence by virtue of a revolving credit mortgage that secures a home equity line of credit. The line of credit is a "revolving credit loan" that, under Illinois law, is subject to a five-year statute of limitations. The Debtor defaulted during the agreement's "Draw Period," when the agreement provided that the entire balance became immediately due and payable automatically, without notice or demand. By Defendant's own allegation, that default occurred on June 21, 2012, automatically accelerating the debt and starting the limitations clock, which expired in 2017. As a result, any action to enforce the underlying indebtedness is time-barred.

3.      Under settled Illinois law, a mortgage is a mere incident of the debt it secures. When the debt is barred by the statute of limitations, the mortgage is extinguished by operation of law and is no longer a lien upon the property. Because the indebtedness secured by Defendant's mortgage is time-barred, the mortgage no longer constitutes a valid or enforceable lien against the Property.

4.      The Debtor therefore seeks (a) a declaratory judgment that the indebtedness secured by the Mortgage is barred by the statute of limitations and is unenforceable; (b) a declaratory judgment that the Mortgage is extinguished by operation of law and constitutes no valid or enforceable lien against the Debtor's residence; and (c) a determination that, because the Mortgage secures no allowed secured claim, the lien is void under 11 U.S.C. § 506(d).

**JURISDICTION AND VENUE**

5. This adversary proceeding arises in and is related to the Debtor's pending case under Chapter 13 of Title 11 of the United States Code, Bankruptcy Case No. 26-09390, now pending in this Court.

6. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the Internal Operating Procedures and General Order of Referral of the United States District Court for the Northern District of Illinois referring bankruptcy cases and proceedings to the bankruptcy judges of this District.

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O), including a proceeding to determine the validity, extent, and priority of a lien.

8. To the extent any claim asserted herein is determined to be non-core, the Plaintiff consents to the entry of final orders and judgment by the Bankruptcy Court.

9. Venue of this adversary proceeding is proper in this District pursuant to 28 U.S.C. § 1409(a), as it arises in and is related to a case under Title 11 pending in this District.

10. This adversary proceeding is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001(b) (proceeding to determine the validity, priority, or extent of a lien or other interest in property) and 7001(i) (proceeding to obtain a declaratory judgment relating to the foregoing).

**THE PARTIES**

11. Plaintiff WLADYSLAW FIJALKOWSKI is the Debtor in the above-captioned Chapter 13 bankruptcy case and is the owner of the real property commonly known as 986 Butter

Creek Court, Hoffman Estates, Illinois 60194 (the "Property"). The Property is, and at all relevant times has been, the Debtor's residence.

12. Defendant WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF THE ASPEN G3 TRUST, A DELAWARE STATUTORY TRUST, is, on information and belief, the current holder of and party asserting the right to enforce the mortgage and the indebtedness described herein, and is the plaintiff in the pending state-court foreclosure action described below.

## FACTUAL BACKGROUND

**A.      The Property and the Revolving Credit Mortgage**

13. The Debtor is the owner of the Property, which is legally described as follows:

UNIT 4-N-B-LOFT IN THE BUTTER CREEK CONDOMINIUM, AS DELINEATED ON A SURVEY OF THE FOLLOWING DESCRIBED REAL ESTATE: CERTAIN LOTS IN BUTTER CREEK, BEING A SUBDIVISION IN THE NORTHWEST 1/4 OF SECTION 15, TOWNSHIP 41 NORTH, RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN, WHICH SURVEY IS ATTACHED AS EXHIBIT "A" TO THE DECLARATION OF CONDOMINIUM RECORDED AS DOCUMENT NO. 27378976 TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS, IN COOK COUNTY, ILLINOIS.

C/K/A: 986 Butter Creek Court, Hoffman Estates, Illinois 60194

P.I.N.: 07-15-100-037-1027

14. On August 11, 2006, the Debtor established a home equity line of credit with MidAmerica Bank, FSB, as evidenced by a Home Equity Line of Credit Agreement and Promissory Note (the "Agreement"), which provided for a revolving line of credit with a credit limit of $38,400.00. A true and correct copy of the Agreement is attached as **Exhibit 1**.

15. The Agreement is secured by a mortgage titled "Revolving Credit Mortgage – Secondary Lien (Securing Future Advances)" (the "Mortgage"), dated August 11, 2006, and recorded on August 24, 2006, in the Office of the Recorder of Deeds of Cook County, Illinois, as Document No. 0623620200. A true and correct copy of the Mortgage is attached as **Exhibit 2**.

16. By its express terms, the Mortgage secures a revolving line of credit. The Mortgage states that the Debtor "has established a line of credit ('Home Equity Line of Credit')," that advances "shall be of a revolving nature and may be made, repaid and remade from time to time," and that the parties "contemplate a series of advances to be secured by this Security Instrument." *See* **Exh. 2**, pg. 1.

17. The Mortgage is a junior, second-position lien against the Property.

18. The Agreement and the Mortgage were subsequently assigned and transferred to the Defendant, and Defendant now claims to be the holder of the indebtedness and the party entitled to enforce the Mortgage.

**B.     The Draw Period and Automatic Acceleration**

19. By its terms, the Agreement has a twenty-year term divided into two phases: a ten-year "Draw Period" consisting of the first ten years of the term, during which the Debtor could obtain advances on the line of credit, followed by a ten-year "Repayment Period." The Draw Period ran from August 2006 to August 2016. *See* **Exh. 1**, pgs. 1-2.

20. The Agreement treats a default occurring during the Draw Period differently from a default occurring during the Repayment Period.

21. Under the heading "DEFAULT-TERMINATION OF CREDIT LINE DURING THE DRAW PERIOD," the Agreement provides that "All amounts owing to the Bank ***shall be***

immediately due and payable without notice or demand" upon the occurrence of any enumerated event of default, the first of which is that the "Minimum payment is not made and remains unpaid for thirty (30) days after it becomes due." (Emphasis added). *See* **Exh. 1**, pg. 5.

22.     This Draw Period acceleration is automatic and self-executing. It is not optional, it requires no notice or demand, and it depends on no election by the lender.

23.     By contrast, the separate provision governing default during the Repayment Period provides only that the Bank "*may*" send a notice and "may" require immediate payment -- an optional acceleration. (Emphasis added). *See* **Exh. 1**, pgs. 6-7.

24.     The Draw Period provision makes no reference to the Mortgage and requires no act by the lender to accelerate. *See* **Exh. 1**, pg. 5.

25.     The Debtor defaulted under the Agreement during the Draw Period by failing to make a required payment. In the state-court foreclosure action described below, Defendant alleges in both its original and amended complaints that the Debtor has been in default for the payments due "for June 21, 2012 through the present." Attached as **Exhibit 3** is a copy of the Defendant's complaint in the state court foreclosure action, without exhibits. Attached as **Exhibit 4** is a copy of the Defendant's amended complaint in the state court foreclosure action, without exhibits.

26.     The Defendant's allegation about the default is an admission by Defendant that the default occurred, and the cause of action accrued, on June 21, 2012.

27.     Because the Debtor's default occurred during the Draw Period, the Agreement's automatic acceleration provision was triggered as a matter of contract. The entire balance became immediately due and payable, without notice or demand, no later than thirty days after the June

21, 2012 default. The Debtor's cause of action on the indebtedness therefore accrued, and the limitations period began to run, in 2012.

**C.     The Passage of the Limitations Period**

28.     The five-year statute of limitations applicable to the revolving line of credit began to run upon the automatic acceleration of the indebtedness in 2012 and expired in 2017.

29.     No payment has been made on the indebtedness secured by the Mortgage for more than five years, and indeed for more than ten years, prior to the commencement of this proceeding. Any action to enforce the indebtedness is time-barred.

**D.     The State-Court Foreclosure Action**

30.     On June 17, 2022, the Defendant commenced a mortgage foreclosure action against the Debtor and the Property in the Circuit Court of Cook County, Illinois, County Department – Chancery Division, captioned *Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of the Aspen G3 Trust v. Wladyslaw Fijalkowski, et al.,* Case No. 2022-CH-05918 (the "Foreclosure Action").

31.     No judgment of foreclosure has been entered in the Foreclosure Action. The Foreclosure Action remains pending.

32.     The Mortgage remains unreleased of record and is asserted by Defendant as a lien against the Property in the Debtor's bankruptcy case.

<u>**APPLICABLE LAW**</u>

**A.     The Revolving Line of Credit Is Subject to a Five-Year Statute of Limitations.**

33.     Under Illinois law, a revolving line of credit is subject to the five-year statute of limitations for unwritten contracts set forth in section 13-205 of the Code of Civil Procedure (735 ILCS 5/13-205), rather than the ten-year limitations period for written contracts under section 13-206. *BMO Bank N.A. v. Zbroszczyk*, 2025 IL App (1st) 241333, ¶¶ 40–42.

34.     In *Zbroszczyk*, the court held that a home equity agreement providing for a revolving line of credit secured by a mortgage was a "revolving credit loan" within the meaning of 815 ILCS 205/4.1, because the lender agreed to make advances that could be made, repaid and remade from time to time. *Id.* ¶¶ 31–32. Because the amount of the borrower's obligation was not ascertainable from the face of the agreement and required parol evidence to establish, the agreement did not fall within section 13-206 and instead was governed by the five-year limitations period of section 13-205. *Id.* ¶¶ 40–41.

35.     The Mortgage and Agreement here are materially indistinguishable from the instrument in *Zbroszczyk*. The Mortgage is, on its face, a "Revolving Credit Mortgage" securing a "Home Equity Line of Credit" under which advances were "of a revolving nature" and could be "made, repaid and remade from time to time," and the amount of the Debtor's obligation is not ascertainable from the face of the Agreement. The five-year statute of limitations of section 13-205 therefore governs any action on the indebtedness.

**B.** **The Cause of Action Accrued in 2012 When the Indebtedness Automatically Accelerated.**

36. Generally, where a money obligation is payable in installments, the limitations period runs against each installment as it becomes due. That general rule is subject to an exception: "where the acceleration provision of the contract provides that payment of the entire debt upon default is automatic," the statute of limitations "begins to run immediately upon default." *Thread & Gage Co. v. Kucinski*, 116 Ill. App. 3d 178, 184-85 (1st Dist. 1983); *see also Deutsche Bank Trust Co. Americas v. Sigler*, 2020 IL App (1st) 191006, ¶ 42. The *Zbroszczyk* court recognized this same automatic-acceleration exception, *Zbroszczyk*, 2025 IL App (1st) 241333, ¶ 43, though it resolved that case on other grounds without reaching the accrual date, *id.* ¶ 44.

37. The Agreement here contains exactly such an automatic acceleration provision. Upon a default during the Draw Period — including the failure to make a minimum payment that remains unpaid for thirty days — "All amounts owing to the Bank shall be immediately due and payable without notice or demand." The mandatory word "shall," together with the phrase "without notice or demand," makes acceleration automatic and self-executing, not optional.

38. The Debtor's default occurred during the Draw Period on June 21, 2012, as Defendant itself alleges. The indebtedness therefore accelerated automatically by operation of the Agreement's own terms, and the Debtor's cause of action accrued, in 2012. The five-year limitations period expired in 2017.

**C.** **When the Debt Is Barred, the Mortgage Is Extinguished by Operation of Law.**

39. For nearly 150 years, the Illinois Supreme Court has held that a mortgage cannot survive when the obligation it secures is unenforceable. The debt is the principal thing and the

mortgage is a mere incident to it; when the debt is paid, discharged, released, or barred by the statute of limitations, the mortgage is gone and has effect no longer.

40.     In *Emory v. Keighan*, 88 Ill. 482, 485 (1878), the Supreme Court held that "when the debt is paid, discharged, released, or barred by the Statute of Limitations, the mortgage is gone, and has effect no longer."

41.     In *Schifferstein v. Allison*, 123 Ill. 662, 665 (1888), the Supreme Court reaffirmed that "the debt is the principal thing, and the mortgage but the incident to it."

42.     In *Hibernian Banking Ass'n v. Commercial Nat'l Bank*, 157 Ill. 524, 537 (1895), the Supreme Court held that "the mortgage is a mere incident of the debt, and is barred when the debt is barred."

43.     In *Richey v. Sinclair*, 167 Ill. 184, 193 (1897), the Supreme Court explained that "the existence of the debt which a mortgage is given to secure is essential to the life of a mortgage, and when the debt is paid, discharged, released or barred by the Statute of Limitations the mortgage is gone and has effect no longer."

44.     In *Bradley v. Lightcap*, 201 Ill. 511, 517 (1903), the Supreme Court emphasized that when the debt is barred, "the mortgagee's title is extinguished by operation of law."

45.     In *Markus v. Chicago Title & Trust Co.*, 373 Ill. 557, 560 (1940), the Supreme Court reiterated that "where the debt is paid or barred by the Statute of Limitations, a mortgage being but incident to the debt, is no longer a lien on the property."

46.     The appellate courts have applied the same rule. *See Dunas v. Metropolitan Trust Co.*, 41 Ill. App. 2d 167, 170 (1st Dist. 1963) ("where the debt is paid or barred by the Statute of Limitations, a mortgage being but incident to the debt, is no longer a lien on the property"); *U.S.*

*Bank National Ass'n v. Gagua*, 2020 IL App (1st) 190454, ¶ 49 (mortgage lien is "a mere incident to the debt").

47.     This rule remains controlling. The Illinois Supreme Court has confirmed that a foreclosure action "is based on the note, the vehicle which gives the plaintiff the legal right to proceed against the property." *ABN AMRO Mortgage Group, Inc. v. McGahan*, 237 Ill. 2d 526, 536 (2010).

48.     Federal courts applying Illinois law are in accord. As the Seventh Circuit has recognized, "long-standing Illinois law precludes a plaintiff from foreclosing on a mortgage when an action on the underlying note is barred by the statute of limitations or another procedural rule." *United Central Bank v. KMWC 845, LLC*, 800 F.3d 307, 311 (7th Cir. 2015).

49.     And in *First Midwest Bank v. Cobo*, 2018 IL 123038, ¶ 39 n.2, the Supreme Court expressly reaffirmed this "old Illinois rule."

**D.     The Recent *Watkin* Decision Is Not Final, Departs From Controlling Supreme Court Authority, and Should Not Be Followed.**

50.     The Plaintiff acknowledges that recent, non-final First District authority has reached a contrary result. In *Chicago Title Land Trust Co. v. Watkin*, 2025 IL App (1st) 241354, the appellate court held that the expiration of the limitations period on a note and mortgage barred enforcement but did not extinguish the mortgage lien, reasoning that a limitations bar affects the remedy rather than the underlying obligation and that a separate statute, 735 ILCS 5/13-116, supplies the mechanism for extinguishment. *See Watkin*, 2025 IL App (1st) 241354, ¶¶ 22–23.

51.     *Watkin* is not controlling here, for three independent reasons.

52.     First, *Watkin* is not final. The Illinois Supreme Court has allowed a petition for leave to appeal and the case is pending before that Court, *Chicago Title Land Trust Co. v. Watkin*, No. 132383, where it was argued and taken under advisement on May 20, 2026. A non-final intermediate appellate decision that is under review by the Illinois Supreme Court does not bind this Court's prediction of how the Illinois Supreme Court will ultimately resolve the question.

53.     Second, sitting in this diversity-equivalent posture, this Court must apply Illinois substantive law as the Illinois Supreme Court would decide it. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Butner v. United States*, 440 U.S. 48 (1979). Where an intermediate appellate decision departs from directly applicable Illinois Supreme Court precedent, this Court is not bound to follow it and should instead predict the result the Illinois Supreme Court would reach. *Williams, McCarthy, Kinley, Rudy & Picha v. Northwestern Nat'l Ins. Group*, 750 F.2d 619, 624 (7th Cir. 1984). The *Emory–Schifferstein–Hibernian–Bradley–Markus* line, reaffirmed as recently as *Cobo* in 2018, holds that a limitations-barred debt extinguishes the mortgage that secures it. *Watkin* cannot be reconciled with that unbroken line of Supreme Court authority, which an intermediate appellate court has no authority to disregard.

54.     Third, *Watkin*'s reliance on 735 ILCS 5/13-116 is misplaced. That section addresses the period within which a mortgage of record remains enforceable and does not displace the settled rule that a mortgage is a mere incident of its debt and falls with it when the debt is time-barred. The two operate independently, and nothing in section 13-116 abrogates the extinguishment rule the Illinois Supreme Court has applied for nearly 150 years.

**E.    The Pending Amendment to 735 ILCS 5/13-206 Does Not Apply Retroactively to Revive the Extinguished Lien.**

55.    The Plaintiff further notes, in candor to the Court, that Senate Bill 2951 of the 104th General Assembly, which would amend 735 ILCS 5/13-206 to provide that an action on any indebtedness secured by a mortgage or deed of trust in the nature of a mortgage must be commenced within ten years, has passed both houses of the Illinois General Assembly and, as of the filing of this Complaint, is pending action by the Governor. That legislation, if signed, does not affect the Debtor's claims here.

56.    A statute is presumed to operate prospectively, and where an amendment is silent as to its temporal reach, "the court must determine whether the new statute would have retroactive effect, keeping in mind the general principle that prospectivity is the appropriate default rule." *Lazenby v. Mark's Constr., Inc.*, 236 Ill. 2d 83, 94 (2010), quoting *Doe v. Diocese of Dallas*, 234 Ill. 2d 393, 405 (2009) The enrolled text of Senate Bill 2951 contains no express provision making it retroactive. Illinois's Statute on Statutes reinforces the point: "No new law shall be construed to repeal a former law … as to … any right accrued, or claim arising under the former law." 5 ILCS 70/4. An accrued statute-of-limitations defense that has fully run is a right "saved" from a later enactment under that provision.

57.    Independent of the presumption of prospectivity, the Illinois Constitution forbids applying the amendment to revive the extinguished lien. Once a limitations period has fully expired, the party protected by the bar acquires a vested right that the legislature cannot retroactively divest consistent with due process. *See Martin v. Goodrich Corp.*, 2025 IL 130509, ¶ 40 ("[O]nce a statute of limitations has expired, the defendant has a vested right to invoke the bar of the limitations period as a defense to a cause of action … [that] cannot be taken away by the

legislature without offending the due process protections of our constitution." (citing *M.E.H. v. L.H.*, 177 Ill. 2d 207, 214-15 (1997))); *see also Sepmeyer v. Holman*, 162 Ill. 2d 249, 254 (1994) (the legislature "lacks the power to reach back and breathe life" into a time-barred claim).

58.     Illinois courts accordingly refuse to allow an enlarged limitations period to revive a claim already barred under the prior period. *See Arnold Eng'g, Inc. v. Industrial Comm'n*, 72 Ill. 2d 161, 163 (1978) *("a subsequent statutory amendment which extends the time for filing a cause of action or claim will not be applied retroactively to revive a cause of action or claim which had been previously barred.")* (citing *Country Mutual Insurance Co. v. Knight*, 40 Ill. 2d 423 (1968)*; People v. Lansing*, 35 Ill. 2d 247 (1966); *Hogan v. Bleeker*, 29 Ill. 2d 181 (1963)*; Carterville & Big Muddy Coal Co. v. Industrial Com.*, 303 Ill. 152 (1922); and *Board of Education v. Blodgett*, 155 Ill. 441 (1895)).

59.     Here, the Debtor's cause of action accrued in 2012 and the five-year limitations period expired in 2017, at which point the Mortgage was already extinguished by operation of law and the Debtor's right to invoke the bar had vested. Senate Bill 2951, even if signed and even if intended to operate retroactively, could not constitutionally revive the extinguished lien or the time-barred indebtedness it once secured.

**F.     A Lien Securing No Allowed Secured Claim Is Void Under 11 U.S.C. § 506(d).**

60.     Section 506(d) of the Bankruptcy Code provides that, "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void." 11 U.S.C. § 506(d). Section 506(d) does not itself determine whether a lien survives; it is the mechanism through which the bankruptcy court gives effect to the governing non-bankruptcy law that fixes the parties' property rights. *See Butner v. United States*, 440 U.S. 48, 54–55 (1979); *In re Tarnow*, 749

F.2d 464, 465-66 (7th Cir. 1984) (§ 506(d) confirms the principle of *Long v. Bullard*, 117 U.S. 617 (1886), that a valid lien securing an allowed secured claim passes through bankruptcy unaffected).

61.     Here, the governing Illinois law extinguishes the Mortgage by operation of law once the underlying debt is time-barred, as set forth above. Because the Mortgage has been extinguished and secures no allowed secured claim, the lien is void under 11 U.S.C. § 506(d). To the extent the Court concludes that a determination under § 506(d) awaits the filing of a proof of claim and the disallowance of that claim under 11 U.S.C. § 502(b)(1) as unenforceable under applicable law, the Plaintiff reserves the right to file a proof of claim on the Defendant's behalf pursuant to Federal Rule of Bankruptcy Procedure 3004, to object to that claim, and to seek avoidance of the lien under § 506(d) by amendment.

### COUNT I
**Declaratory Judgment — The Indebtedness Is Time-Barred**
**(Fed. R. Bankr. P. 7001(i); 735 ILCS 5/13-205)**

62.     The Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

63.     An actual and justiciable controversy exists between the Plaintiff and Defendant concerning whether the indebtedness evidenced by the Agreement and secured by the Mortgage is barred by the statute of limitations.

64.     The Agreement is a revolving line of credit and is a "revolving credit loan" within the meaning of Illinois law. Any action on the indebtedness is therefore governed by the five-year statute of limitations set forth in 735 ILCS 5/13-205, and not by the ten-year limitations period of 735 ILCS 5/13-206.

65. The Agreement provides that, upon a default during the Draw Period, including the failure to make a minimum payment that remains unpaid for thirty days, all amounts owing became immediately due and payable without notice or demand. This acceleration was automatic and self-executing, and it caused the entire indebtedness to accrue upon default.

66. The Debtor's default occurred during the Draw Period on June 21, 2012, as Defendant itself alleges in the Foreclosure Action. The indebtedness accelerated automatically, and the Debtor's cause of action on the indebtedness accrued, in 2012. The five-year limitations period expired in 2017.

67. No payment has been made on the indebtedness for more than five years prior to the commencement of this proceeding, and no event has restarted or tolled the limitations period.

68. Any action to enforce the indebtedness evidenced by the Agreement and secured by the Mortgage is therefore barred by the statute of limitations under 735 ILCS 5/13-205.

69. The Plaintiff is entitled to a declaratory judgment, pursuant to Federal Rule of Bankruptcy Procedure 7001(i), declaring that the indebtedness evidenced by the Agreement and secured by the Mortgage is barred by the statute of limitations and is unenforceable.

## COUNT II
**Declaratory Judgment — Extinguishment of Mortgage by Operation of Law**
**(Fed. R. Bankr. P. 7001(i); Illinois Common Law)**

70. The Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

71. An actual and justiciable controversy exists between the Plaintiff and Defendant concerning the validity and enforceability of the Mortgage and whether it constitutes a lien against the Property.

72. As alleged in Count I, the indebtedness evidenced by the Agreement and secured by the Mortgage is barred by the statute of limitations.

73. Under settled Illinois law, the Mortgage is a mere incident to the underlying debt, and when the debt is barred by the statute of limitations, the Mortgage is extinguished by operation of law and is no longer a lien on the Property.

74. The Mortgage is therefore extinguished by operation of law, is unenforceable, and constitutes a cloud upon the title to the Property.

75. The Plaintiff is entitled to a declaratory judgment, pursuant to Federal Rule of Bankruptcy Procedure 7001(i), declaring that the Mortgage is extinguished by operation of law, is void and unenforceable, and is no longer a lien against the Property.

## COUNT III
### Determination of Invalidity of Lien and Avoidance of Lien
### (Fed. R. Bankr. P. 7001(b); 11 U.S.C. § 506(d))

76. The Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

77. Because the underlying indebtedness is time-barred and the Mortgage is extinguished by operation of Illinois law, the Mortgage does not secure an allowed secured claim.

78. Section 506(d) provides that, to the extent a lien secures a claim that is not an allowed secured claim, such lien is void. 11 U.S.C. § 506(d). Section 506(d) is the mechanism by

which this Court gives effect, in the bankruptcy case, to the extinguishment of the Mortgage under governing Illinois law. *See*, *e. g.*, *In re Tarnow*, 749 F.2d 464 (7th Cir. 1984).

79. Because the Mortgage secures no allowed secured claim, the lien is void pursuant to 11 U.S.C. § 506(d).

80. The Plaintiff is entitled to a determination and judgment that Defendant's lien against the Property is invalid and void, and to an order avoiding the lien and directing that it be released of record.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, WLADYSLAW FIJALKOWSKI, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

(a) On Count I, entering a declaratory judgment that the indebtedness evidenced by the Agreement and secured by the Mortgage is barred by the statute of limitations under 735 ILCS 5/13-205 and is unenforceable;

(b) On Count II, entering a declaratory judgment that the Mortgage is extinguished by operation of law, is void and unenforceable, and is no longer a lien against the Property, and ordering that it be released and stricken of record;

(c) On Count III, determining and adjudging that the Mortgage secures no allowed secured claim and that the lien of the Mortgage is void pursuant to 11 U.S.C. § 506(d), and ordering that the lien be avoided and released of record; and

(d) Granting such other and further relief as this Court deems just and equitable.

Respectfully submitted,

WLADYSLAW FIJALKOWSKI


By:    <u>/s/ *Arthur C. Czaja*</u> .
      Arthur C. Czaja
      One of His Attorneys

Arthur C. Czaja
Attorney for the Debtor / Plaintiff
ARDC # 6291494
7521 N. Milwaukee Avenue
Niles, Illinois 60714
+ (224) 388-3908
*arthur@czajalawoffices.com*