**IN THE UNITED STATES BANKRUPTCY COURTFOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In re:<br>WLADYSLAW FIJALKOWSKI,<br>Debtor. | ) | Adversary No. 26-00408<br><br>Bankr. Case No. 26-09390<br><br>Judge Timothy A. Barnes<br><br>Chapter 13 |
| WLADYSLAW FIJALKOWSKI,<br>Plaintiff,<br>vs.<br>WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF THE ASPEN G3 TRUST, A DELAWARE STATUTORY TRUST,<br>Defendant. | ) | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT**

**NOW COMES** the Plaintiff-Debtor, Wladyslaw Fijalkowski ("Debtor" or "Plaintiff"), by and through his attorney, Arthur C. Czaja, and for his Response in Opposition to the Motion to Dismiss the Adversary Complaint (the "Motion") filed by Defendant Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of the Aspen G3 Trust ("Creditor" or "Defendant"), states and alleges as follows:

## INTRODUCTION

Defendant's Motion invokes Rules 12(b)(1) and 12(b)(6), but it identifies no jurisdictional defect and no pleading deficiency. Instead, it asks instead the Court to abstain, because Defendant disagrees with the premises of the Complaint and hoped, when it filed its Motion, that pending legislation would somehow change the governing limitations period. That is not a basis to dismiss.

Taken as true, the Complaint's allegations state a claim. It alleges Defendant's mortgage secures a revolving home-equity line of credit ("HELOC") subject to a five-year limitations

period; that the debt automatically accelerated upon the Debtor's 2012 default that occurred during the HELOC's draw-period; that the limitations period expired in 2017; and that, under controlling Illinois Supreme Court authority, a mortgage securing a time-barred debt is extinguished by operation of law.

Importantly, the Debtor does *not* ask this Court to strip down or reduce an otherwise valid lien based on collateral value. Instead, he alleges that the Mortgage had already ceased to be a valid lien under Illinois law before the petition was filed and asks this Court to determine and give effect to that consequence. 11 U.S.C. § 506(d).

Three points defeat the Defendant's Motion. ***First***, a proceeding to determine the validity, priority, and extent of a lien, and to avoid a lien under § 506(d), is a *core* proceeding Congress assigned to the bankruptcy court. *See* 28 U.S.C. § 157(b)(2)(K); *see also In re Benson*, No. 14-36512, 2015 Bankr. LEXIS 2594, at *1 (Bankr. N.D. Ill. July 30, 2015) ("A proceeding to determine the nature and extend of a lien and to avoid a junior mortgage lien is a core proceeding under 28 USC Section. 157(b)(2)(K).") The proceeding is core on more than one ground: beyond lien validity, it is bound up with the allowance and disallowance of the Creditor's secured claim against the estate, *id.* § 157(b)(2)(B); and it directly affects confirmation of the Debtor's Chapter 13 plan, *id.* § 157(b)(2)(L). Both parties have, moreover, consented to this Court's entry of final orders. (Mot. ¶ 7 ("Creditor consents to the entry of final orders by this Court.").) Mandatory abstention under 28 U.S.C. § 1334(c)(2) reaches only non-core "related to" matters[1], and only when a state action

[1] *See In re Belcher*, No. 23-20034, 2023 Bankr. LEXIS 3089, at *2 (Bankr. N.D. Ind. Apr. 7, 2023) ("[M]andatory abstention pursuant to 28 U.S.C.§1334(c)(2) applies only to non-core or related proceedings.")

asserting the same claims has been commenced that can timely adjudicate them. Neither condition is met.

***Second***, permissive abstention is an extraordinary and narrow exception. This adversary proceeding involves is an ordinary lien-validity dispute, a staple of the bankruptcy court, and to the extent Defendant says the governing law is unsettled, a disputed legal question is a reason to adjudicate the dispute, not to abstain from ruling.

***Third***, Defendant's abstention theory rested on the premise that Senate Bill 2951 would retroactively restore a ten-year limitations period and rescue its stale claim. That bill does not apply retroactively and cannot be applied to resurrect a claim that became time-barred in 2017. The Defendant's Motion should be denied.

## FACTUAL BACKGROUND

On August 11, 2006, the Debtor entered into a HELOC with MidAmerica Bank, FSB, evidenced by the HELOC and a "Revolving Credit Mortgage – Secondary Lien (Securing Future Advances)" (the "Mortgage"). (Compl. ¶¶ 14–16.) The Mortgage secures the HELOC, which is a line of credit under which advances were "of a revolving nature" and could be "made, repaid and remade from time to time." (Compl. ¶ 16.)

The Agreement divides its term into a ten-year "Draw Period" and a ten-year "Repayment Period." (Compl. ¶ 19.) A default during the Draw Period triggers *automatic* acceleration: "All amounts owing to the Bank shall be immediately due and payable without notice or demand." (Compl. ¶ 21 (emphasis added).) That provision requires no notice, no demand, and no election by the lender. (Compl. ¶¶ 22, 24.) It stands in deliberate contrast to the Repayment-Period provision, under which the Bank merely "may" accelerate. (Compl. ¶ 23.) The Complaint does

not allege that the Mortgage's optional remedy provision caused acceleration; it alleges that the Agreement's mandatory language did. (Compl. ¶¶ 20–24.)

In its own state-court foreclosure complaint and amended complaint, Defendant alleges that the Debtor has been in default "for June 21, 2012 through the present." (Compl. ¶ 25.) That admission fixes the accrual date: the cause of action to enforce the HELOC accrued no later than thirty days after the June 21, 2012 default, and the five-year limitations period expired no later than July 21, 2017. (Compl. ¶¶ 26–28.) No payment has been made for more than a decade. (Compl. ¶ 29.) Notably, Defendant's filings do not even present a single, consistent accrual date: its foreclosure complaint alleges default beginning June 21, 2012, while its Memorandum here asserts that payments stopped "on or about July 2013" (Mem. 2).

Defendant did not commence its foreclosure action until June 17, 2022, which is more than five years after accrual, even if the court were to assume the July 2013 accrual date suggested in Defendant's Memorandum. No judgment of foreclosure has been entered. (Compl. ¶ 31.) The Debtor filed his Chapter 13 petition on June 2, 2026, and commenced this adversary proceeding, which pleads three counts: a declaration that the indebtedness is time-barred (Count I); a declaration that the Mortgage was extinguished under Illinois law (Count II); and a determination that the lien is invalid and void under § 506(d) (Count III). (Compl. ¶¶ 1–4, Counts I–III.)

The stakes for the Debtor are concrete and time-sensitive. Through this Chapter 13 case the Debtor is attempting to save his principal place of residence, his home. The Creditor's second-position mortgage claim is treated as fully secured. The claim has been accelerated, with an amount claimed of $87,080.33, plus estimated interest of $16,657.45 at a proposed Till rate of 7.75% (the current prime rate of 6.75% plus one percent), plus an estimated 5% trustee administrative fee of

$5,459.57, for a total estimated cost of approximately $109,191.33 payable over the estimated remaining 55 months of the plan (the case having been filed on June 2, 2026), or roughly $1,986 per month for this claim alone. The Debtor is already paying approximately $1,010 per month under his current, unconfirmed proposed plan to cure a first mortgage of $56,828.20. (Proposed Chapter 13 Plan, Dkt. No. 13.) Whether the second mortgage secures an enforceable, time-barred debt therefore bears directly on the feasibility and confirmability of the plan. A prompt determination of that core question is necessary to the administration of the estate and to the Debtor's reorganization, and it is one that the pending state-court foreclosure cannot provide.

Since the Motion was filed, the legislation on which its abstention theory rested, Senate Bill 2951, has become law, enacted as Public Act 104-0842, effective August 21, 2026, and amends 735 ILCS 5/13-115 and 5/13-206 to provide that "[a]ny indebtedness of any kind that is secured by a mortgage or deed of trust in the nature of a mortgage shall also have a 10-year period to commence an action." However, as shown below, that enactment does not help Defendant, because the Act does not and cannot be applied to a claim that has already become time-barred.

## LEGAL STANDARD

To survive a motion under Rule 12(b)(6), a complaint need only "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded facts as true and draw all reasonable inferences in the Plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A Rule 12(b)(1) challenge fails where, as here, the proceeding falls squarely within the bankruptcy jurisdiction conferred by 28 U.S.C. §§ 157 and 1334.

Abstention is the exception, not the rule. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Federal courts have a "virtually unflagging obligation … to exercise the jurisdiction given them." *Id.*, at 817. In the bankruptcy context, permissive abstention under § 1334(c)(1) is committed to the court's discretion but remains an extraordinary and narrow exception to the duty of a federal court to adjudicate a controversy properly before it. *In re Chicago, M., St. P. & Pac. R.R*, 6 F.3d 1184, 1194 (7th Cir. 1993). The party seeking abstention bears the burden of establishing that it is warranted. *See In re Demert & Dougherty, Inc.*, 271 B.R. 821, 842 (Bankr. N.D. Ill. 2001) ("Because federal courts should generally exercise their jurisdiction if properly conferred, abstention is the exception rather than the rule.")

## ARGUMENT

### I. The Motion Identifies No Basis for Dismissal Under Rule 12(b)(1) or Rule 12(b)(6).

The threshold problem with the Motion is that it does not do what Rules 12(b)(1) and 12(b)(6) require. It does not identify any allegation that fails to state a claim, and it identifies no defect in subject-matter jurisdiction. It argues only that the Court should decline to decide the case now. Accepting the Complaint's well-pleaded facts as true, the Complaint plainly states a claim. Defendant disagrees with the legal merits, not with the sufficiency of the allegations. That disagreement, however, should be resolved through adjudication, not dismissal or abstention.

Every part of the Debtor's theory is fully supported by relevant authority. As to the five-year limitations period, *BMO Bank N.A. v. Zbroszczyk*, 2025 IL App (1st) 241333, holds that a revolving HELOC is governed by the five-year limitations period of section 13-205, not the ten-year period of former section 13-206. As to accrual, "where the acceleration provision of the contract provides that payment of the entire debt upon default is automatic," the limitations period

"begins to run immediately upon default." *Thread & Gage Co. v. Kucinski*, 116 Ill. App. 3d 178, 184–85 (1st Dist. 1983); *accord Deutsche Bank Trust Co. Ams. v. Sigler*, 2020 IL App (1st) 191006, ¶ 42. As to extinguishment, for nearly 150 years the Illinois Supreme Court has held that "when the debt is paid, discharged, released, or barred by the Statute of Limitations, the mortgage is gone, and has effect no longer." *Emory v. Keighan*, 88 Ill. 482, 485 (1878); *Markus v. Chi. Title & Tr. Co.*, 373 Ill. 557, 560 (1940); *First Midwest Bank v. Cobo*, 2018 IL 123038, ¶ 39 n.2. The Seventh Circuit applies the same rule. *United Cent. Bank v. KMWC 845, LLC*, 800 F.3d 307, 311 (7th Cir. 2015).

Section 506(d) is the federal mechanism that gives effect to that pre-petition state-law extinguishment in bankruptcy. "Although it is a long-standing principle that 'liens pass through bankruptcy unaffected,' such liens can be avoided by operation of Section 506(d) or by operation of a confirmed plan." *In re Gluth Bros. Constr., Inc.*, 426 B.R. 771 (Bankr. N.D. Ill. 2010) (internal citations omitted). Liens survive bankruptcy unless "they are brought into the bankruptcy proceeding and dealt with there." *Id.* quoting *In re Penrod*, 50 F.3d 459, 463 (7th Cir. 1995).

## II. Mandatory Abstention Does Not Require Dismissal of This Core Lien-Determination Proceeding.

"Under 28 U.S.C. § 1334(c)(2), abstention is mandatory where the following criteria are met: (1) the suit is based on a state law cause of action that, although related to a case under title 11, does not arise under title 11 or arise in a case under title 11; (2) there is no separate basis for federal jurisdiction apart from the bankruptcy; (3) an action has already commenced in the state court; and (4) the case could be timely adjudicated in the state court." *In re Demert & Dougherty, Inc.*, 271 B.R. at 842. "Since the statute is phrased in the conjunctive, the [Court] will only be

required to abstain if all four requirements are satisfied." *Id.* The failure of any one is fatal, and Defendant fails the threshold requirement here.

**A. This is a core proceeding, so mandatory abstention is unavailable.**

"The mandatory abstention requirement of 28 U.S.C. § 1334(c)(2) applies only to non-core proceedings that are related to a title 11 case. Thus, if [the lawsuit] constitutes a core proceeding…mandatory abstention is not implicated." *Dalen v. Clamage*, No. 97 C 5174, 1997 U.S. Dist. LEXIS 16278, at *10 (N.D. Ill. Oct. 8, 1997). This adversary proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(K) defines a "core proceeding" to include 'determinations of the validity, extent, or priority of liens." *Gilliland v. Fifth Third Mortgage Co.*, No. 1:16-cv-02755-LJM-DKL, 2016 U.S. Dist. LEXIS 173403, at *3-4 (S.D. Ind. Dec. 14, 2016). The Complaint pleads exactly that, a proceeding under Bankruptcy Rule 7001(b) and (i) to determine the validity of a lien and to avoid it under § 506(d). (Compl. ¶¶ 1, 7, 10, Count III.)

The case of *In re Pankau*, 65 B.R. 204 (Bankr. N.D. Ill. 1986) in instructive. In *Pankau*, a Chapter 13 debtor brought an adversary complaint to determine the validity of a lien arising from a state-court judgment. Judge Ginsberg held that mandatory abstention did not apply because "[t]he debtor's complaint here seeks the determination of the extent, priority, and validity of the Bank's lien," and "[a]s such, it is clearly a core proceeding under 28 U.S.C. § 157(b)(2)(K)." *Id.* at 208. This Court has recognized the same rule. *See In re Gayety Candy Co.*, 625 B.R. 390, 397 (Bankr. N.D. Ill. 2021) (Barnes, J.) ("A proceeding to determine the validity, extent, or priority of liens pursuant to section 506 of the Bankruptcy Code is a matter arising under the Bankruptcy Code and is a core proceeding. 28 U.S.C. § 157(b)(2)(K)."); *Matrix IV, Inc. v. Am. Nat'l Bank &*

*Tr. Co. of Chi.*, 649 F.3d 539, 550 (7th Cir. 2011) (core proceedings "include 'determinations of the validity, extent and priority of liens'").

This proceeding is core for the independent reason that it is inseparable from the allowance and disallowance of the Creditor's claim against the estate, *id.* § 157(b)(2)(B), and from confirmation of the Debtor's Chapter 13 plan, *id.* § 157(b)(2)(L). The Debtor seeks a declaration that the Creditor's claim is time-barred (Count I), and, as counsel advised the Court at the hearing on September 10, 2026, the Debtor intends to seek leave to add a count objecting to the Creditor's proof of claim under Federal Rule of Bankruptcy Procedure 3007(b) so that the objection may be adjudicated in this adversary proceeding. (The proof of claim had not yet been filed when the adversary proceeding was commenced.) Whether the Creditor holds an allowable, enforceable secured claim, and whether a plan can be confirmed over that claim, are quintessentially bankruptcy questions that may arise only in bankruptcy and are therefore core. *In re Fliss*, 609 B.R. 775, 778 (Bankr. N.D. Ill. 2019) (a proceeding "to determine the allowance or disallowance of claims against the bankruptcy estate" is core under § 157(b)(2)(B)); *Ebner v. Kaiser (In re Kaiser)*, 525 B.R. 697, 700–01 (Bankr. N.D. Ill. 2014) (an objection to allowance of a claim "may only arise in a bankruptcy case and, thus, is a core proceeding under 28 U.S.C. § 157(b)(2)(B)")). Prompt adjudication of the limitations issue is necessary to determine the feasibility and confirmability of the Chapter 13 plan and, ultimately, the Debtor's reorganization, relief the state-court foreclosure cannot afford.

That the Court must interpret Illinois law to resolve the claim does not make it non-core. "A determination that a proceeding is not a core proceeding shall not be made solely on the basis

that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3). Because § 1334(c)(2)'s mandatory-abstention reaches only non-core matters, it has no application here.

## III. Permissive Abstention Would Delay, Not Advance, Administration of the Chapter 13 Case.

As noted above, abstention is the narrow exception, not the rule. Under §1334(c)(1), permissive abstention is allowed in the interest of justice, or comity with state courts, or respect for state law. *In re Carlson*, 202 B.R. 946, 949 (Bankr. N.D. Ill. 1996).

The Seventh Circuit has outlined twelve factors to be applied when determining permissive abstention, with no one factor being determinative: (1) the effect on the efficient administration of the estate, (2) the predomination of state law over bankruptcy issues, (3) the unsettled nature of the applicable law, (4) the presence of a related court proceeding, (5) the jurisdictional basis outside of 28 U.S.C. § 1334, (6) the relationship of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters, (9) the burden of the bankruptcy court's docket, (10) the likelihood of forum shopping, (11) the right to a jury trial, and (12) the presence of a nondebtor parties. *In re Chicago, M., St. P. & Pac. R.R*, 6 F.3d at 1189. The twelve factors are weighed flexibly, and no single factor controls. *Id.* Applied here, in order, none supports abstention: seven weigh against it, the remainder are neutral, and none favors it.

**(1) Efficient administration of the estate -- against abstention.** Defendant concedes this factor "cuts against abstention." (Mem. 7.) The validity of the second lien is central to plan confirmation and to the treatment of the Debtor's residence; sending the parties to state court and back would delay administration, not advance it.

**(2) Predominance of state-law issues -- neutral.** Illinois law supplies the extinguishment rule, but the operative remedy, the avoidance of the lien in the estate, arises under § 506(d), and the governing state-law rule is settled. To the extent this factor favors abstention at all,

it does so only slightly, and the routine application of settled state law does not warrant declining jurisdiction.

**(3) Unsettled nature of the applicable law -- against abstention.** Defendant contends the law is "highly unsettled," but predicting how the Illinois Supreme Court would resolve a state-law question is routine task of the federal courts, *Rodas v. Seidlin*, 656 F.3d 610, 626 (7th Cir. 2011), and the extinguishment rule the Debtor invokes was reaffirmed by that court as recently as *Cobo*. As Part IV explains, *Watkin* does not render the law unsettled in a way that favors abstention.

**(4) Presence of a related proceeding commenced in state court -- neutral.** Defendant's 2022 foreclosure action is pending, but it cannot adjudicate the federal § 506(d) claim, and the Debtor is a defendant there, not a plaintiff. As Defendant carefully acknowledges, there is a *potential* statute of limitations defense in the state court foreclosure action, but no such defense was actually raised. Indeed, the Defendant may want the statute of limitations issue to be decided in state court because the issue was not raised and arguably was waived.

**(5) Jurisdictional basis other than § 1334 -- neutral.** Jurisdiction here rests on 28 U.S.C. § 1334; there is no independent, non-bankruptcy basis for federal jurisdiction. Standing alone, this factor neither supports nor defeats abstention, particularly where, as here, the proceeding is core.

**(6) Degree of relatedness to the main bankruptcy case -- against abstention.** The proceeding is closely connected to the main case: the validity of the lien directly affects the estate, plan confirmation, and the disposition of the Debtor's residence. A proceeding this central to the bankruptcy weighs against abstention.

**(7) Substance rather than form of the asserted core proceeding -- against abstention.** This is core in substance, not merely in label. The Complaint seeks a determination and avoidance of a lien under § 506(d), relief that, by its nature, could arise only in bankruptcy. See *In re Rosebud Farm, Inc.*, 660 B.R. 222, 262 (Bankr. N.D. Ill. 2024) ("Bankruptcy Rule 7001(2) makes clear that an adversary is required for a determination of the validity, priority, or extent of a lien.) (citing Fed. R. Bankr. P. 7001(2)).

**(8) Feasibility of severing state-law claims from core matters -- against abstention.** The § 506(d) determination cannot be meaningfully severed and shipped to state court, particularly where the issue was not raised in state court. The federal avoidance remedy remains with this Court regardless of how any state-law question is resolved. Severance is neither feasible nor useful here.

**(9) Burden on the bankruptcy court's docket -- neutral.** A single case involving a lien-validity determination is ordinary work of this Court and imposes no unusual docket burden. This factor does not favor abstention.

**(10) Likelihood of forum shopping -- against abstention.** The Debtor did not select this forum for tactical advantage; he is here because he filed bankruptcy, and § 506(d) is the vehicle to determine the lien's validity in his estate. The requested relief must be brought as an adversary proceeding. Fed. R. Bankr. P. 7001(2). If anything, it is Defendant that seeks a more favorable forum.

**(11) Right to a jury trial -- against abstention (or neutral).** A proceeding to determine and avoid a lien is equitable and carries no right to a jury trial, so this factor presents no obstacle to adjudication in this Court and does not support abstention.

**(12) Presence of non-debtor parties -- against abstention (or neutral).** The only parties are the Debtor and Defendant, both already before the Court. There are no non-debtor third parties whose presence might counsel deference to a state forum.

On balance, the factors weigh decisively against abstention. Several weigh against it, none favors it, and the neutral factors, chiefly the existence of a pending foreclosure that cannot adjudicate the § 506(d) claim, carry little weight. This ordinary, core lien dispute belongs here.

## IV. The Recent Appellate Decision on Which Defendant Relies Does Not Support Abstention or Dismissal.

Defendant relies on *Chicago Title Land Trust Co. v. Watkin*, 2025 IL App (1st) 241354, for the proposition that even under a five-year limitations period the Mortgage is not extinguished. That reliance is misplaced, for two independent reasons.

First, under the *Erie* doctrine, a federal court sitting in a matter governed by state law must apply the law as the State's highest court would decide it. *Mason v. Ashland Exploration*, 965 F.2d 1421, 1425 (7th Cir. 1992). A decision of an intermediate appellate court is not controlling and is to be followed only as data bearing on how the highest court would rule. *Williams, McCarthy, Kinley, Rudy & Picha v. Nw. Nat'l Ins. Grp.*, 750 F.2d 619, 624 (7th Cir. 1984) (where an intermediate decision conflicts with the reasoning of the state's highest court, the federal court predicts the result the highest court would reach). *Watkin* is an intermediate appellate decision that departs from an unbroken line of Illinois Supreme Court authority, namely *Emory*, *Richey*, *Markus*, and,

most recently, *Cobo*, holding that a mortgage is a mere incident of the debt and is extinguished when the debt is barred. This Court should predict that the Illinois Supreme Court would adhere to its own settled rule. Indeed, the Plaintiff suggests that the Illinois Supreme Court accepted the homeowner's petition for leave to appeal in *Watkin* because the Appellate Court's decision was a radical departure from the Illinois Supreme Court precedent.

Second, *Watkin* is not final. It is currently pending before the Illinois Supreme Court, taken under advisement following oral argument on May 20, 2026. Its non-final status confirms both that it does not bind this Court's *Erie* prediction and that the state-law question is one this Court is fully equipped to decide.

In all events, the dispute over *Watkin* cuts against abstention, not for it. A disagreement over the correct application of state law is not a pleading defect, and it is not a ground to hand the case to another forum. The merits of that dispute should be fully resolved in this forum, not through abstention framed as dismissal.

## V. Public Act 104-0842 Does Not Defeat the Complaint, Because It Cannot Reach a Claim Barred in 2017.

Defendant's abstention theory assumed that pending legislation would retroactively restore a ten-year limitations period. That legislation is now law: Public Act 104-0842, effective August 21, 2026. But enactment does not establish that the amendment applies to a claim that became time-barred years before its effective date. It does not, for three independent reasons.

### A. Once the limitations period expired, the Debtor acquired a vested constitutional right to the bar.

The Illinois Supreme Court has held that a lapsed limitations period creates a vested right beyond the legislature's reach. In *Martin v. Goodrich Corp.*, 2025 IL 130509, ¶ 40, the Court

reaffirmed: "[O]nce a statute of limitations has expired, the defendant has a vested right to invoke the bar of the limitations period as a defense to a cause of action … [that] cannot be taken away by the legislature without offending the due process protections of our constitution." *Accord M.E.H. v. L.H.*, 177 Ill. 2d 207, 214–15 (1997); *Sepmeyer v. Holman*, 162 Ill. 2d 249, 254 (1994) ("Our cases have been uniform in holding that the legislature lacks the power to reach back and breath life into a time-barred claim.") Here, the limitations defense fully ran and vested in 2017, years before P.A. 104-0842 was introduced or enacted. Applying the Act to revive Defendant's claim would do exactly what *Martin* forbids. The amendment survived in *Martin* only because the defense there had not yet vested when the statute took effect. *Id.* ¶¶ 41–42. Here the opposite is true.

**B. The Act is silent on temporal reach and therefore applies prospectively only.**

Independent of the constitutional bar, ordinary construction defeats retroactive application. Where a statute is silent as to temporal reach, Illinois applies the default rule of Section 4 of the Statute on Statutes, under which substantive changes operate prospectively only. *Martin*, 2025 IL 130509, ¶¶ 34–36. Section 4 expressly saves "any right accrued, or claim arising under the former law." 5 ILCS 70/4. A limitations defense that has already run is precisely such an accrued right. The enrolled Act contains no retroactivity provision; its only temporal clause states that it "takes effect upon becoming law." P.A. 104-0842, § 99. An effective-date clause fixes *when* a statute begins to operate; it is not the clear and unmistakable statement of retroactive intent required to reach back and revive barred claims. The presumption of prospectivity governs.

**C. An amendment lengthening a limitations period cannot revive a claim already barred.**

Illinois courts have long held that an enlarged limitations period cannot revive a cause of action already time-barred before the amendment's effective date. *Conner v. Copley Press, Inc.*, 99

Ill. 2d 382, 388 (1984) ("[A]n amendment which extends a statute of limitations will not be applied retroactively so as to revive a cause of action which had already been barred by the expiration of the original limitation period."); *Arnold Eng'g, Inc. v. Indus. Comm'n*, 72 Ill. 2d 161, 163 (1978) ("[A] subsequent statutory amendment which extends the time for filing a cause of action or claim will not be applied retroactively to revive a cause of action or claim which had been previously barred."). Here, the Defendant's claim became time-barred in 2017. No later-enacted extension, including P.A. 104-0842, can revive it.

## CONCLUSION

The Motion identifies no jurisdictional or pleading defect. Mandatory abstention does not apply to this core § 506(d) proceeding, and no state action asserting these claims has been commenced. Permissive abstention is unwarranted for an ordinary, core lien dispute, and the parties' disagreement over *Watkin* is a reason to adjudicate, not abstain. Finally, Public Act 104-0842 cannot revive a claim that was already time-barred in 2017.

**WHEREFORE**, the Plaintiff-Debtor, Wladyslaw Fijalkowski, respectfully requests that the Court *deny* Defendant's Motion to Dismiss in its entirety.

Dated: September 16, 2026

Respectfully submitted,

Wladyslaw Fijalkowski

By: /s/ *Arthur C. Czaja*.
Arthur C. Czaja
One of His Attorneys

Arthur C. Czaja
Attorney for the Debtor / Plaintiff
ARDC # 6291494
7521 N. Milwaukee Avenue
Niles, Illinois 60714
+ (224) 388-3908
*arthur@czajalawoffices.com*

**CERTIFICATE OF SERVICE**

I, Arthur C. Czaja, an attorney, certify that I served a copy of this RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT referred to herein was served upon on each party named below at the address shown and by the method indicated on September 16, 2026.

VIA ELECTRONIC NOTICE THROUGH ECF:

Thomas H. Hooper, Office of the Chapter 13 Trustee, 150 N Michigan Ave, Suite 3800, Chicago, IL 60601

Arthur Corbin, Corbin Law Firm, LLC, 636 S. River Rd., Suite 201, Des Plaines, IL 60016

Adam G. Brief, Office of the U. S. Trustee, Region 11, 219 South Dearborn, Room 873, Chicago, IL 60604

BY U.S. MAIL TO THE FOLLOWING:

Wladyslaw Fijalkowski, 986 Butter Creek Court, Hoffman Estates, IL 60169

Dated: September 16, 2026

Respectfully submitted,

Wladyslaw Fijalkowski

By: /s/ *Arthur C. Czaja*.
Arthur C. Czaja
One of His Attorneys

Arthur C. Czaja
Attorney for the Debtor / Plaintiff
ARDC # 6291494
7521 N. Milwaukee Avenue
Niles, Illinois 60714
+ (224) 388-3908
*arthur@czajalawoffices.com*