IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In the Bankruptcy Matter of:<br><br>Wladyslaw Fijalkowski<br><br>Debtor<br><br>Wladyslaw Fijalkowski<br>Plaintiff<br>v.<br>WILMINGTON SAVINGS FUND SOCIETY, FSB NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF THE ASPEN G3 TRUST, A DELAWARE STATUTORY TRUST<br>Defendant | Bankruptcy No. 26-09390<br>Judge Timothy A. Barnes<br>Chapter: 13<br><br>Adversary No. 26-00408 |

**REPLY TO DEBTOR'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS ADVERSARY COMPLAINT**

NOW COMES WILMINGTON SAVINGS FUND SOCIETY, FSB NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF THE ASPEN G3 TRUST, A DELAWARE STATUTORY TRUST (hereinafter "Creditor"), through its attorney, Kenneth W. Bach of Johnson, Blumberg & Associates, LLC, hereby replying to the Debtor's Objection to its Motion to Dismiss.

Federal Rule Under Which to Bring the Motion

The Debtor argues that rules 12(b)(1) and 12(b)(6) are not appropriate procedural methods to bring a request for the Court to abstain from hearing the adversary complaint. Creditor's abstention arguments are rooted in 28 U.S.C. § 1334, which first provides the district courts with jurisdiction over cases under Title 11, and then, in subsection (c), provides for exceptions allowing or requiring the Court to abstain for exercising such jurisdiction. As such, using Rule 12(b)(1) to assert a lack of subject matter jurisdiction as a defense perfectly comports to the nature of the request. Rule 12(b)(6), used to assert a defense due to failure to state a claim

upon which relief can be granted, is a less precise fit than Rule 12(b)(1), but nevertheless also applies because the Court cannot grant relief on any set of facts if it agrees that it should abstain from deciding the matter entirely.

Waiver Through Consent to Enter Final Orders

The Debtor briefly raises the fact that Creditor has consented to this Court entering final orders in support of his argument that the Debtor's complaint involves core bankruptcy matters, suggesting that Creditor has consented to jurisdiction over the complaint itself. If the scope of Creditor's consent requires clarification, it is intended to state that its Motion is not asking the Court to refer proposed findings of fact and conclusions of law to the district court under 28 U.S.C. §157(c)(1), but rather that this Court may enter a final order as per 28 U.S.C. § 157(c)(2).

Mandatory Abstention

After review the Debtor's Response in Opposition, Creditor agrees that mandatory abstention does not apply to the Debtor's complaint. Creditor will proceed with its Motion under permissive abstention doctrine.

Permissive Abstention Is Warranted Under the Present Circumstances

The analysis of permissive abstention is a twelve-part factors test. The Debtor argues that many of these factors weigh against abstention. We disagree.

**(1) The effect on the efficient administration of the estate**. Creditor acknowledged in its original brief that sending this issue back to state court would cause a delay in case

administration. However, the delay would not cause a lack of efficient administration of the case, and the delay is warranted due to the extraordinary circumstances present.

**(2) Predominance of state-law issues.** The Debtor argues that this favor is neutral at worst because it involves “routine application of settled law.” But the law here is far from settled or routine due to the highly disruptive *Zbroszczyk* decision and its subsequent repudiation by the Illinois General Assembly. It is not clear how Illinois courts are going to handle HELOCs that might have been extinguished under *Zbroszczyk*, which is the predominant issue raised in the complaint. This factor strongly favors abstention.

**(3) The difficulty or unsettled nature of the law.** The Debtor’s argument as to this factor is that the Federal courts routinely predict how state courts would settle state law issues. This is to argue against the factor itself, rather than how the current facts apply to this factor. This is not a situation where the Federal court simply applies state law as that state would—it is a situation where it is not clear what state courts will do next, and where a Federal decision has a significant likelihood of setting a course that the Illinois courts will not follow.

The Debtor further exaggerates the extent to which Creditor relies on *Chicago Title Land Trust Co. v. Watkin* to argue that state law is unsettled. Creditor uses *Watkin* as an example of how the *Zbroszczyk* decision is being limited, rather than followed, by the Illinois courts, alongside *North Dakota v. Prince*, 2025 IL App (3d) 240514 (2025), in which another circuit declined to apply *Zbroszczyk* to a very similar loan. Creditor does not, as the Debtor implies, concede that the five-year statute of limitations of *Zbroszczyk* applies and then hope that *Watkin* keeps the lien alive, hanging by a thread. Creditor did not even mention *Watkin* within its discussion of this factor.

*Watkin*, alongside *Prince* and the repudiation of *Zbroszczyk* by the Illinois General Assembly, cast serious doubt as to whether *Zbroszczyk* would be applied by an Illinois court to the Debtor's HELOC or other similarly situated loans. For this reason, this factor decisively favors abstention.

**(4) Presence of a related proceeding commenced in state court.** The Debtor argues that this factor is neutral despite the presence of pending state court proceedings, due to the Debtor being a defendant in state court, the Federal §506(d) claim not being before the state court, and the Debtor having possibly waived a statute of limitations defense. Even if the Debtor has waived the defense, it isn't the role of this factor analysis to give the Debtor another bite at the apple—it is to try to maintain comity between the Federal and state courts. The potential conflict of comity isn't limited to this specific loan, but extends to all other loans similarly situated. As such, any waiver of the Debtor's defense in state court should not impact this Court's analysis of the abstention factors. The presence of a related proceeding permits this Court to allow the state court to determine the issue, avoiding the comity problem whether or not the state court determines the defense was waived. The resolution of the Federal §506(d) claim will follow from such determination. This factor strongly favors abstention.

**(5) Jurisdictional basis other than §1334.** The Debtor acknowledges that §1334 is the only basis for jurisdiction of his claims, but argues that the factor is neutral due to the proceedings being "core." This factor is intended to account for non-bankruptcy reasons the case would be in Federal court. Here, there are none; therefore, the factor favors abstention.

**(6) Degree of relatedness to the main bankruptcy case.** There is no doubt that the adversary matters are closely related to the Debtor's main case—the adversary is aimed at extinguishing the lien, while the main case would extinguish the underlying debt. However, here

the Debtor is attempting to have this Court discharge a debt that might be enforced in state court and which was the subject of an active case when the bankruptcy was filed. In the absence of the adversary, the lien would pass through the case unaffected and the state court case could proceed after the stay terminates. Without the combined relief of the main case and the adversary, the Creditor would still have recourse in state court. As such, it is the relatedness of the adversary to the main case that sharpens the comity problem that the abstention factors are intended to weigh.

**(7) Substance rather than the form of the asserted core proceeding.** The Debtor argues that because avoidance of a lien under §506(d) could arise only in bankruptcy that the complaint is core in substance rather than in label. However, liens can be avoided under state law, as *Zbroszczyk* itself demonstrated. The adversary is, quite plainly, a request for a determination under state law with a Federal label slapped onto it.

**(8) Feasibility of severing state-law claims from core matters.** Despite Debtor's argument, there is no reason why the state court cannot determine the validity of the debt or the lien, indeed, it would have to do so in order to rule in favor of Creditor. If that issue is decided, the result under §506(d) follows.

**(9) The burden on the Court's docket.** Both sides agree that this factor is neutral.

**(10) Likelihood of forum shopping.** The Debtor argues that it is Creditor that is shopping for the more favorable forum, however, it was the Debtor that originally moved this determination to the bankruptcy court. Creditor is seeking to have the issue decided in the original forum.

**(11) Right to jury trial**. Both sides appear to agree that this factor is neutral.

**(12) Presence of nondebtor parties**. Both parties agree the absence of nondebtor parties does not favor abstention.

Taken as a whole, these factors favor abstention. The Debtor tries to argue that the situation is routine and that the Court can hear his complaint with as little difficulty or consequence as any other. However, the disruption to how Illinois statutes of limitation were applied to HELOCs caused by *Zbroszczyk*, and the General Assembly's subsequent repudiation of that decision with corrective legislation, makes the situation far from routine. There is no Illinois Supreme Court decision on the matter, and none of the other circuits have ruled on the issue. There is a substantial risk that if this Court decides on whether to apply the *Zbroszczyk* precedent to this loan, the Illinois courts might handle similarly situated loans differently. This is what permissive abstention is intended to guard against.

<u>The Question of Whether Public Act 104-0842 Defeats the Complaint Is Not Before the Court on this Motion.</u>

The Debtor argues that Creditor's abstention theory assumes that the then-pending legislation would retroactively restore a ten-year limitations period. This is not an accurate representation of Creditor's position. The purpose of this Motion is to leave the matter for the state court to decide; it is not to argue for the substantive defense of the Complaint in this forum. The Debtor argues substantively that he has a right to the bar created by the alleged five-year limitations term expiring and that the corrective legislation applies prospectively only. Creditor certainly does not concede these points, however, these arguments can be addressed after this Motion is ruled upon, in the forum such ruling deems the most appropriate.

Conclusion

The main thrust of the Debtor's Objection is that the subject matter of his adversary is an ordinary one, well within the usual business of the bankruptcy court. However, the Debtor's complaint relies entirely on a single, highly disruptive, outlying case. Under the present circumstances of *Zbroszczyk* not being reviewed by the Illinois Supreme Court, with no conforming rulings from other circuits, and only one antagonistic ruling from another circuit, and with the General Assembly having repudiated that decision with corrective legislation, it isn't clear what statute of limitations the Illinois courts would apply in this fact pattern. Should this Court take up the Debtor's complaint, there is a substantial likelihood that the rule that comes out of this Court will become at odds with how Illinois courts handle other HELOCs that could arguably be time-barred under *Zbroszczyk.* This is not a routine situation, it is quite extraordinary. Accordingly, abstention is warranted in order to avoid the potential conflict of comity with the Illinois courts.

/s/ Kenneth W. Bach
Kenneth W. Bach, ARDC #6295816
Attorney for WILMINGTON SAVINGS FUND SOCIETY, FSB NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF THE ASPEN G3 TRUST, A DELAWARE STATUTORY TRUST

Kenneth W. Bach
Johnson, Blumberg & Associates, LLC
30 N. LaSalle St., Suite 3650
Chicago, Illinois 60602
Ph. 312-541-9710
Fax 312-541-9711

**NOTICE:**
THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In the Bankruptcy Matter of:<br><br>Wladyslaw Fijalkowski<br><br>Debtor | Bankruptcy No. 26-09390<br>Judge Timothy A. Barnes<br>Chapter: 13 |

**CERTIFICATE OF SERVICE**

TO: Wladyslaw Fijalkowski, 986 Butter Creek Court, Hoffman Estates , IL 60169
Thomas H. Hooper, Office of the Chapter 13 Trustee, 150 N Michigan Ave, Suite 3800, Chicago, IL 60601
Arthur Corbin, Corbin Law Firm, LLC, 636 S. River Rd., Suite 201, Des Plaines, IL 60016
Adam Brief, Office of the U. S. Trustee, Region 11, 219 South Dearborn, Room 873, Chicago, IL 60604

I, Kenneth W. Bach, an attorney, certify that I served the attached Reply to Debtor's Response in Opposition to Motion to Dismiss Adversary Complaint by mailing a copy to the Debtor named above at the addresses listed above and by depositing the same in the U.S. Mail, first class, postage prepaid at 30 N. LaSalle St., Chicago, IL 60602 on October 1, 2026. The remaining parties were served by the CM/ECF electronic noticing system.

/s/ Kenneth W. Bach
Kenneth W. Bach, ARDC #6295816

Kenneth W. Bach
Johnson, Blumberg & Associates, LLC
30 N. LaSalle St., Suite 3650
Chicago, Illinois 60602
Ph. 312-541-9710
Fax 312-541-9711

**NOTICE:**
THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE